

**United States Courts
Southern District of Texas
FILED**

MAR 21 2018

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | CRIMINAL NO. H-18-cr- |
| KEVIN CASPER | § § | |

CRIMINAL INDICTMENT  **18 CR 167**

THE GRAND JURY CHARGES THAT:

### COUNTS 1-2
(Wire Fraud - 18 U.S.C. §1343)

**A.   THE SCHEME TO DEFRAUD**

1. From on or about January 1, 2016, through on or about July 25, 2017, in the Houston Division of the Southern District of Texas, and elsewhere,

**KEVIN CASPER**

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme and artifice to defraud Macy's Department Stores (hereinafter "Macy's") to obtain money and property by false and fraudulent pretenses, representations and promises, all as more fully set forth below.

**B.   THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

2. Defendant would obtain an inexpensive item from Macy's that would range in price from a few dollars to approximately $100.00. At the time of the purchase of this item, Macy's would place a white barcode label on the price tag of the item. This label is known as a Customer Return Label (CRL) and is unique and not duplicated. The purpose of the CRL is to document information from the original transaction in the event the item is returned or exchanged at any Macy's store.

3. Defendant removed the CRLs from multiple items he purchased at a low dollar amount and placed them on more-expensive second items he obtained.

4. Defendant would then travel to different Macy's stores and make a non-proof of purchase return and/or exchange of the more expensive second item, which contained the CRL from the previously purchased lesser expensive item. On multiple occasions, rather than getting a refund for these fraudulently marked second items, he conducted an exchange. In so doing, he received the full-value for the more expensive items that he has returned and applied that value to purchase other lower in value items. In several cases, he removed the CRL from those newly purchased low value items to continue the fraud.

5. During these exchanges, Defendant selected other items to purchase that add up to slightly more than the value of the items he has returned without a receipt. He then pays the small difference in cash. Defendant then takes the items he purchased during the exchange and returns these newly purchased items, for which he has a receipt, for cash. Consequently, Defendant receives cash for the full value of the more expensive items that he returned without a proof of purchase, using the fraudulent placed CRLs from the initial lower priced items he originally purchased.

6. At times, Defendant will have funds returned to him on a gift card and will use the gift card to obtain additional items and continue the fraud.

7. Between January 1, 2016 and July 25, 2017, Defendant conducted approximately 1,314 different return transactions at Macy's stores in 35 different states.

8. The total loss attributed to Defendant's activity is approximately $49,696.75, excluding fraudulently reimbursed sales taxes.

C. **EXECUTION OF THE SCHEME**

From on or about dates set forth below, in the Houston Division of the Southern District of

Texas, and elsewhere, for the purpose of executing the scheme and artifice to defraud Macy's, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, and intending to do so, the defendant knowingly transmitted, and caused to be transmitted by way of wire, in interstate commerce, any writing, sign, signal, picture, and sound for the purpose of executing such scheme, as described below:

| Count | Date | Macy's Store Location | Approximate Amount of Fraudulent Refund or Value of Goods Obtained |
|---|---|---|---|
| 1 | 5/22/2017 | Houston, Texas (Store #686 at Memorial City Mall) | $79.98 |
| 2 | 5/22/2017 | Houston, Texas (Store #686 at Memorial City Mall) | $209.68 |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF CRIMINAL FORFEITURE
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice that the defendant

### KEVIN CASPER

shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343, as charged in the Indictment, including but not limited to the following:   $49,696.75 in United States Dollars.

## MONEY JUDGMENT AND SUBSTITUTE ASSETS

The United States may seek the imposition of a money judgment. In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant in substitution up to the total value of the property subject to forfeiture.

A TRUE BILL

Original signature on File
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney

By: Julie N. Searle
Julie N. Searle
Richard W. Bennett
Assistant United States Attorneys
(713)567-9000